## SAN GERMÁN CHARITY HOSPITAL *v.* SOTO NUSSA, DISTRICT JUDGE.

### APPLICATION for a Writ of Mandamus.

No. 6.—Decided July 22, 1905.

INJUNCTION—DUTIES OF DISTRICT COURT JUDGES DURING VACATION.—The judges of district courts are bound to attend during the vacation period of their respective courts to the dispatch of matters which may be heard at chambers, among which are included the issuance of writs of injunction, because the vacation period is only for the purpose of suspending the sessions of the court during such term, which does not exempt judges from their obligation to hear and determine petitions presented in accordance with law by parties during such period.

ID.—MANDAMUS.—The writ of mandamus is a proper remedy whereby to compel a judge to proceed at chambers to hear and determine a matter which in accordance with law may be so disposed of.

The facts are stated in the opinion.

*Mr. Hernandez Lopez* for petitioner.

The application was made to Mr. Chief Justice Quiñones, who delivered the following opinion:

This is an application made by Attorney Juan Hernandez Lopez, on behalf of the Charity Hospital of San German, for a writ of mandamus against the District Judge of the Judicial District of Mayaguez, Ysidoro Soto Nussa, to require him to take such action as may be proper in law on an application for an injunction by said Charity Hospital against Armando Badrena, a resident of said city of San German, to restrain him from collecting the balance of the sale price of a house belonging to him, situated in the city of Mayaguez, recently sold for taxes, against which house the Charity Hospital has a claim for fifteen hundred and odd *pesos,* representing principal and interest of a rent charge (*censo*) imposed on said house in favor of the hospital, upon which application Judge Soto Nussa refused to act, on the ground that he was not obliged to make any orders in his chambers during the vacation term.

The report of Judge Soto Nussa in which he sets forth the reasons for his refusal to take action in the matter in question has also been examined.

Although the Code of Civil Procedure does not contain any provision which "specifically" defines the duties of district judges with reference to the disposition of the judicial matters of their respective territories, during the vacation term, it is evident that as the administration of justice cannot be neglected during said term, it is the imperative duty of judges to attend to the disposition of the matters of which they can take cognizance out of court, which include injunctions; and, in view of their usual urgent character, the vacation term, which signifies only the closing of the sessions of the court during that term, cannot be made an obstacle thereto, as it does not relieve judges from the obligation of hearing the petitions made to them by the parties in matters of which they can take cognizance outside of the court room, in accordance with section 22 of the Code of Civil Procedure, as amended by the Act of the Legislative Assembly of this Island of March 8th last, and according to which the district

judges may, in chambers, issue among others, writs of mandamus, *certiorari,* restraining orders and injunctions, upon application. This implies, not a discretionary power in the judge to take action or not, as he may wish, but an obligation to take action whenever the parties apply therefor, and that the object of the petition is within the powers which the law vests in them independently of the courts.

The application for a writ of mandamus made by Attorney Juan Hernandez Lopez in the capacity in which he appears, is granted, and it is consequently ordered that an order issue to the District Judge of Mayaguez to take such action on the application for an injunction made by counsel for the Charity Hospital of San German as may be proper in law; and the attachment issued by the justice delivering this opinion on the balance of the purchase money of the house of Armando Badrena is dissolved; and it is ordered that the proper communication issue to the Treasurer of Porto Rico for his information and other purposes.